**Kenneth Franklin HICKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–86–00299–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 30, 1986.

J. Brent Liedtke, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Timothy G. Taft, Jeff O'Dea, Asst. Harris Co. Dist. Attys., Houston, for appellee.

Before COHEN, DUNN and SAM BASS, JJ.

## OPINION

SAM BASS, Justice.

A jury found the appellant guilty of aggravated assault, and the court assessed punishment at 35 years after finding that the defendant had two prior convictions.

We affirm.

Dr. Small testified that as he entered his office building, he heard footsteps in the hall. He ran toward the building's entrance and found the appellant, who had no identification. Dr. Small told him to wait while he called the campus police.

The appellant pulled a pocket knife and held the knife, stated "I can't let you make that call," "Don't do that," and "Don't make me use this." The appellant did not lunge with the knife, but moved the knife in an up-and-down fashion. Small was two feet away but stepped a few inches away when he saw the knife.

Both men heard someone else in the building, and Small moved to the front door as appellant ran out of the building. As Small chased the appellant, a campus police officer intervened and the appellant surrendered his knife to the officer.

Dr. Small testified that he felt in danger of being injured or killed by the appellant's knife. A knife, for illustrative purposes, was admitted. Small testified that the second knife was similar to the knife used by the appellant. Houston Police Sergeant Foster stated that the knife, which had a blade two-and-one-quarter inches long, and one-half an inch wide, could be used as a deadly weapon, and that it could inflict bodily injury upon a human body.

In points 8 through 10, the appellant contends that the evidence is insufficient to support his conviction, because "no rational trier of fact could have concluded that the knife used was a deadly weapon by the manner of its use or intended use."

The trial court instructed the jury that it could find the appellant guilty of aggravated assault only if it found that he "intentionally or knowingly threatened imminent bodily injury to David Small with the use of a deadly weapon, namely, a knife." This instruction accurately tracked the relevant penal statutes, Tex.Penal Code Ann. sec.

22.01(a)(2), sec. 22.02(a)(4) (Vernon Supp. 1986), and the language of the indictment.

■ A knife is not considered a deadly weapon per se, but may qualify as such if, by the manner of its use or intended use, it is capable of causing death or serious bodily injury. *Williams v. State*, 575 S.W.2d 30, 32 (Tex.Crim.App.1979); Tex.Penal Code Ann. sec. 1.07(a)(11). The appellant contends that there was insufficient evidence that his knife was a deadly weapon because he merely displayed it.

■ Evidence that merely proves that a knife was used, without showing its size or its capability of causing harm, will not support a finding that it was used as a deadly weapon. In *Danzig v. State*, 546 S.W.2d 299 (Tex.Crim.App.1977), the evidence was found insufficient because the knife itself was not described and, even though it caused wounds, the wounds were superficial and there was no proof that the knife was capable of inflicting deeper wounds. In another case, the conviction was reversed, even though the appellant lunged at a police officer with a linoleum knife, because there was no evidence of the size of the knife or its capability of causing harm. *Alvarez v. State*, 566 S.W.2d 612 (Tex.Crim.App.1978).

■ The evidence presented was sufficient to support a conviction for aggravated assault. The complainant described the knife that was used, and testified that it was drawn and waved within two feet of his person. A knife similar to that used by the appellant was admitted into evidence for illustrative purposes. Expert testimony established that that knife was capable of causing death or serious bodily injuries from a distance of two feet. In *Tisdale v. State*, 686 S.W.2d 110 (Tex.Crim.App.1984), the court held that a knife similar to the one here that was used in a similar fashion was a deadly weapon.

The statutory definition of deadly weapons includes those which, by their intended use, are capable of causing death or serious bodily injury; there is no requirement that wounds need actually be inflicted before a knife can be determined to be a deadly weapon. *Denham v. State*, 574 S.W.2d 129, 130 (Tex.Crim.App.1978).

Points of error eight through ten are overruled.

In points 1 through 7, the appellant argues that the trial court committed reversible error by limiting his attorney's voir dire examination to a half hour.

Although his counsel objected that he required more time to explore the panel's feelings about specific issues, which were detailed by counsel, the appellant failed to request that the voir dire examination be recorded. The record does not reveal how counsel used the thirty minutes allotted to him for voir dire.

■ In order to succeed upon a claim that his voir dire examination was unreasonably limited, the appellant must show that his counsel made no attempt to prolong voir dire; that he was not permitted to ask relevant questions; and that he was not permitted to examine jurors who served on the jury. *Ratliff v. State*, 690 S.W.2d 597, 599–600 (Tex.Crim.App.1985). Because no record was made of the voir dire, it is impossible to determine from this record whether these requirements were satisfied. *See Burkett v. State*, 516 S.W.2d 147, 150 (Tex.Crim.App.1974) (injury not shown where record showed trial court's ruling but not the voir dire examination itself). Points of error one through seven are overruled.

The judgment is affirmed.