Kenneth Dale WITT, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–86–00747–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 4, 1988.

Alan S. Percely, Houston, for appellant.

John B. Holmes, Dist. Atty. of Harris County, Lynn Parsons, Asst. Dist. Atty., for appellee.

Before JACK SMITH, LEVY and HOYT, JJ.

LEVY, Justice.

A jury found appellant, Kenneth Dale Witt, guilty of aggravated robbery as charged in the indictment, and also found that he had used a deadly weapon in the commission of the offense. At the punishment phase of the trial, the jury determined an enhancement paragraph to be true and assessed punishment at 50 years confinement.

Appellant appeals this conviction asserting five points of error.

Ms. Dan Marie Williams, a 7–Eleven convenience store employee, testified that appellant entered the store where she was working. After selecting several items, Witt approached the check-out counter, where he pulled out a knife from under his shirt and demanded all the cash. William Peoples and his wife, Christina Peoples, entered the store as Witt was leaving, and each had an opportunity to clearly observe him. Witt was observed leaving the scene in the passenger seat of a two-door white Mustang automobile. Both Dan Marie Williams and Christina Peoples wrote down the Mustang's license plate number.

Appellant asserts in his first and second points of error that the evidence was insufficient to support his conviction for aggravated robbery. Witt contends that the evidence failed to show either that the knife used was a deadly weapon, as alleged in the indictment, or that Dan Marie Williams was in fear of imminent bodily injury or death.

In reviewing sufficiency of the evidence on appeal, we adhere to the standard established by the United States Supreme Court, inquiring whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781–2789, 61 L.Ed.2d 560 (1979); *Dickey v. State*, 693 S.W.2d 386, 387 (Tex.Crim. App.1984).

The Texas Penal Code defines a deadly weapon as "a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or ... anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." Tex.Penal Code Ann. sec. 1.07(a)(11) (Vernon 1974). Although knives have been held not to be deadly weapons *per se,*

> [t]he state can, without expert testimony, prove a particular knife to be a deadly weapon by showing its size, shape and sharpness, the manner of its use, or intended use and its capacity to produce death or serious bodily injury. In determining the deadliness of a weapon the jury may consider all of the facts of a case, including words spoken by the accused.

*Blain v. State*, 647 S.W.2d 293, 294 (Tex. Crim.App.1983) (citations omitted).

■ Testimony pertaining to the size of the blade, the blade's appearance of sharpness, the use of any brandishing motions, or the victim's fear of *serious* bodily injury or death, can all be offered to establish that a knife is a deadly weapon. *Id.* As this Court has previously held, "[w]hen ... serious bodily injury has not been shown, the court must discern the manner of the knife's use or intended use, its size and shape, and its capacity to produce death or serious bodily injury in determining whether a knife was a deadly weapon." *Batro v. State*, 635 S.W.2d 156, 158 (Tex.App.— Houston [1st Dist.] 1982, no pet.) (citations omitted).

■ In the instant case, the knife was never recovered and therefore was not introduced into evidence, and the complainant received no bodily injuries. However, this situation need not preclude a finding that the knife used was a deadly weapon. *See Blain*, 647 S.W.2d at 293; *Hicks v. State*, 723 S.W.2d 238, 240 (Tex.App.— Houston [1st Dist.] 1986, no pet.); *Batro v. State*, 635 S.W.2d at 156.

Complainant, Dan Marie Williams, testified that appellant held a knife on her within arm's reach. She described the knife blade as being more than four inches long and being shiny and looking sharp, with a very sharp pointed tip. Williams further testified that during the encounter

she "got very shaky and scared and nervous," that she was "very afraid," felt that she was at risk, and that her life was in danger.

A police officer who had investigated many stabbings and cuttings testified that a knife having a blade at least four inches long with a very sharp pointed tip could cause serious bodily injury or even death. In *Hicks*, this Court found a knife with a 2¼ inch blade, waved within two feet of the victim, to be a deadly weapon. *Hicks*, 723 S.W.2d at 239–240. The jury heard Williams describe the knife, its proximity to her, and her fear of injury and even for her life. In considering all the evidence before it, the jury was not unreasonable either in determining that the knife was a deadly weapon or in finding all the essential elements of aggravated robbery proven beyond a reasonable doubt.

Appellant's first and second points of error are overruled.

Appellant avers in his third point of error that the trial court committed reversible error in admitting Officer Gerry Joseph Moran's testimony relating what two eyewitnesses had told him that they observed. Moran was one of the first police officers to arrive at the 7–Eleven following the robbery. Appellant claims that because Moran was not a witness to the offense, his testimony relating to the statements of the eyewitnesses was hearsay and thus inadmissible. Appellant raised this same objection to the testimony at trial, and his objection was overruled.

■ Appellant also asserts that Moran's testimony constituted impermissible bolstering of Mr. and Mrs. Peoples' unimpeached testimony identifying appellant as the person who had committed the offense. *See Williams v. State*, 531 S.W.2d 606, 611 (Tex.Crim.App.1975); *Jackson v. State*, 507 S.W.2d 231 (Tex.Crim.App.1974). In both *Williams* and *Jackson*, the police officers testified that prior to trial the witness had identified the appellant as the culprit. In such a situation, the officers' testimony bolstered the identification testimony of the witnesses who had previously testified.

A careful reading of Moran's testimony shows the case at bar to be distinguishable from both *Williams* and *Jackson*. Moran testified to what the Peoples told him that the "suspect" did. He never testified that the "suspect" was the appellant, and he did not reveal the Peoples' description of the "suspect." Moran's testimony did not identify, and thus did not bolster, the Peoples' identification of the appellant as the person the Peoples had observed at the 7–Eleven.

■ Both Mr. and Mrs. Peoples testified, without objection, about what had happened when they approached and entered the 7–Eleven. Officer Moran's testimony, to which appellant objected, merely reiterated without significant variation the facts to which the Peoples had previously testified. It is well established that "[i]f the fact to which the hearsay relates is sufficiently proved by other competent and unobjected to evidence, as in the instant case, the admission of the hearsay is properly deemed harmless and does not constitute reversible error." *Anderson v. State*, 717 S.W.2d 622, 627 (Tex.Crim.App.1986) (citations omitted). Therefore, "[w]hether or not the testimony complained of was admissible as an exception to the hearsay rule is irrelevant." *Id.* We find the hearsay to be harmless and that its admission does not constitute reversible error.

Appellant's third point of error is overruled.

■ In his fourth point of error, appellant claims that the trial court committed reversible error in overruling his motion for mistrial when the prosecutor informed the jury that appellant had asked for the instruction on the lesser included offense of robbery that was contained in the charge to the jury.

Appellant's defense was based on his argument that there was a mistake in identity because he was not at the scene of the crime and, in fact, had an alibi. In light of this line of defense, appellant claims that he was clearly harmed by the prosecutor's comments to the jury.

The Texas Code of Criminal Procedure, describing the procedure by which the

court presents the charge to the jury, dictates that any charge that is granted, after being specially requested by either side, shall be incorporated in the main charge and shall be treated as a part thereof, and that the jury shall not be advised that it is a special requested charge of either party. Tex.Code Crim.P.Ann. art. 36.15 (Vernon Supp.1988). The Texas Court of Criminal Appeals has held that this statute is *not* violated by references made by the prosecutor, in his jury argument, to the fact that the jury charge included special charges requested by the defense. *Roach v. State,* 440 S.W.2d 72, 74 (Tex.Crim.App.1968).

At trial, appellant objected to the prosecutor's comment, and his objection was sustained. The jury was then admonished to disregard the statement. It is firmly settled that,

> [o]rdinarily, any injury from improper jury argument is obviated when the court instructs the jury to disregard the argument, unless the remark is so inflammatory that its prejudicial effect cannot reasonably be removed by such an admonition. Whether the prosecutor's argument necessitates a reversal is to be determined on the basis of the probable effect on the minds of the jurors under the facts of each case.

*Blansett v. State,* 556 S.W.2d 322, 328 (Tex.Crim.App.1977) (citations omitted).

Where the State has made an improper comment during its argument to the jury, the test to ascertain its harmfulness is not whether the conviction could have been had without the improper argument, but rather whether there is a reasonable possibility that the argument complained of might have contributed to the conviction. *Saylor v. State,* 660 S.W.2d 822, 824 (Tex.Crim. App.1983).

To recapitulate, the decisive facts in this case are that the victim, Dan Marie Williams, testified that appellant robbed her at knife point. Two eyewitnesses, Christina Peoples and William Peoples, testified that they each saw appellant leave the 7–Eleven immediately after the robbery. Witnesses testified that appellant left the scene of the robbery in a white Mustang automobile and that they had each noted its license plate number. Officer M.R. Harrison testified that a few days after the robbery, he observed the appellant emerge from a white Mustang with the same license plate number as the witnesses had reported. The record is therefore replete with evidence that appellant committed the robbery. In view of such overwhelming evidence, and in light of the court's instruction to the jury to disregard the prosecutor's improper comment, we have no difficulty in determining that the comment did not deny the appellant a fair and impartial trial. There is no reasonable probability that the prosecutor's statement contributed to the appellant's conviction or punishment, and we conclude that the error, if any, was harmless beyond a reasonable doubt.

Appellant's fourth point of error is overruled.

Appellant's fifth point of error asserts that the trial court committed reversible error in admitting statements made by Murlene Alldredge into evidence, where the statements were taken after her unlawful arrest and while she was in custody.

Officer M.R. Harrison testified that it was determined that an automobile, matching the description and having the same license plate number as the automobile seen at the 7–Eleven at the time of the robbery, was registered to Murlene Alldredge. A few days after the robbery, Officers M.R. Harrison and N.J. Stepchinsky positioned themselves at the entrance to the subdivision where Alldredge lived. They observed the suspect car as it approached Alldredge's home and followed it, pulling into the driveway behind it. A man matching the robbery suspect's description got out of the car. Murlene Alldredge was the driver.

At trial, Officer Stepchinsky testified that Alldredge was placed under arrest and taken to the robbery division of the Houston Police Department where she was questioned. He further testified: (1) that there was no warrant for the arrest of Alldredge; (2) that she was not charged with any offense; (3) that she was not

observed committing any offense; (4) that there was no indication that she was about to commit or had committed any assault resulting in bodily injury against any third party; (5) that she was in her own driveway; and (6) that there was no indication that she was about to engage in flight or escape. Officer Stepchinsky's testimony revealed that the requirements for a warrantless arrest as set forth in Tex.Code Crim.P.Ann. arts 14.01 and 14.02 (Vernon 1977) and art. 14.03 (Vernon 1988) had not been met. The law in Texas regulating warrantless arrests is more stringent than the demands of the U.S. Constitution, *Milton v. State*, 549 S.W.2d 190, 192 (Tex. Crim.App.1977), and any arrest of a person without a warrant is deemed to be unreasonable unless it is specifically authorized by statute. *Heath v. Boyd*, 141 Tex. 569, 175 S.W.2d 214 (1943). The statutes governing warrantless arrests are to be strictly construed, *Honeycutt v. State*, 499 S.W. 2d 662, 664 (Tex.Crim.App.1973), and the State has the burden of proving that the arrest falls within one of the statutory exceptions. *Roberts v. State*, 545 S.W.2d 157, 158–159 (Tex.Crim.App.1977). The State has failed to meet this burden, and we hold that Alldredge's arrest was illegal because it was not authorized by statute.

Appellant contends that all statements made by Alldredge following her unlawful arrest should have been suppressed, and that their admission constituted reversible error. Appellant relies on Tex.Code Crim. P.Ann. art. 38.23 (Vernon Supp.1988), which reads in part:

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

At trial, Stepchinsky testified that Alldredge had earlier related "at least two other versions" of what had happened the night of the robbery. In one version, she said that she and appellant had stayed home all evening after 10 p.m., when appellant had arrived home. In another version, she said that appellant had called her to pick him up after his truck broke down on the Eastex Freeway, and that they drove straight home. In the final variation, she picked her husband up after his truck broke down, but on the way home, they stopped by a convenience store.

■ Stepchinsky's testimony was properly offered in rebuttal to Alldredge's earlier testimony when she denied that she had made any prior inconsistent statement to him on the night of her arrest. Impeachment evidence is admissible, after properly establishing the predicate, where it is shown that the witness had *voluntarily* made prior inconsistent statements. *Garrett v. State*, 682 S.W.2d 301 (Tex. Crim.App.1984), *cert. denied*, 471 U.S. 1009, 105 S.Ct. 1876, 85 L.Ed.2d 168 (1985); *see also Anderson v. Charles*, 447 U.S. 404, 100 S.Ct. 2180, 65 L.Ed.2d 222 (1980); Tex.Code Crim.P.Ann. art. 38.22, sec. 5 (Vernon 1979).

The record, moreover, reflects overwhelming evidence, both eyewitness and circumstantial, supplying an independent basis for appellant's conviction, and justifies this Court in finding beyond a reasonable doubt that the admission of Alldredge's statements, even if erroneous, did not contribute to appellant's conviction or punishment. *See* Tex.R.App.P. 81(b)(2).

We observe further that appellant, while cross-examining Stepchinsky, continued to develop the prior inconsistent statements made by Alldredge, to which he had earlier objected. He has thus waived his right to complain thereof on appeal. *Maynard v. State*, 685 S.W.2d 60, 65 (Tex.Crim.App. 1985).

Appellant's fifth point of error is overruled, and the trial court's judgment is affirmed.