*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★ ★ ★ ★ ★ ★ ★



## OPINION

No. 04-10-00328-CR

Rudy L. **VALLADO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2008CR11728
Honorable Pat Priest, Judge Presiding[1]

Opinion by:    Steven C. Hilbig, Justice

Sitting:        Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  June 22, 2011

AFFIRMED

Rudy L. Vallado appeals the trial court's judgment of conviction for aggravated assault. Vallado contends the evidence is insufficient to support a finding that he used or exhibited a deadly weapon. We affirm the trial court's judgment.

### BACKGROUND

Roy Cortez worked as a security officer at Gloria's Lounge in San Antonio. On September 22, 2008, he went to the bar to present an invoice for his services to the owner.

---

[1] Senior Judge sitting by assignment

Cortez testified that as he walked back outside, he was attacked by Vallado. Richard Pacheco told the jury he was sitting in his parked car, facing the bar when he saw Vallado come out the front door of the bar, followed by Cortez. Pacheco testified Cortez began to push Vallado and eventually pushed him to the ground. Pacheco saw Cortez lift Vallado and slam him into Pacheco's car. Pacheco testified Vallado then stabbed Cortez two or three times with a knife. Pacheco told the jury he saw intestines protruding from a wound to Cortez's stomach. Pacheco went inside the bar to call police and others ran after Vallado and caught him a short distance from the bar.

San Antonio Police Officer Jason Mendez testified that when he arrived at the bar, Vallado was being held by a security guard. The security guard handed Officer Mendez a knife he said he had taken from Vallado. Officer Mendez described the knife as being five to seven inches long with a two or three inch blade. Officer Mendez later gave the knife to the reporting officer, San Antonio Police Officer Manuel Rodriguez. Officer Rodriguez testified the knife contained a single blade and was approximately six inches long. Officer Rodriguez testified the knife was a deadly weapon because it was capable of causing serious bodily injury or death. The officer stated the blade could "slice an artery," "cause severe internal injuries," or cause a person to "bleed out and die." The knife, a folding knife with a locking blade approximately three inches in length, was introduced into evidence.

Cortez testified he did not remember fighting with Vallado before being stabbed. Cortez stated he was stabbed on his side, cut on his shoulder blade, and cut on his elbow. After the stabbing, he noticed his clothes were wet and "full of blood" from the wound to his side. He recalled being transported to the hospital and treated for his wounds. He told the jury that,

except for a single day, he was hospitalized or in a rehabilitation center from the date he was stabbed (September 22, 2008) until December 4, 2008.

Cortez's mother, Rose Marie Coronado, testified she went to the hospital after being notified about the stabbing by the police. She told the jury that Cortez was in surgery when she arrived. Coronado testified her son underwent a skin graft to his abdomen because the injury to his stomach became infected and would not close. Cortez also suffered a ruptured bowel and had been wearing a colostomy bag for one and one-half years at the time of trial. It is not clear from the record whether the colostomy was required by the injuries Cortez suffered in the attack or by subsequent complications.

In accordance with the allegations of the indictment, the jury was charged that it could return a verdict of guilt if it found beyond a reasonable doubt Vallado committed aggravated assault either by causing bodily injury while using a deadly weapon or by causing serious bodily injury. The jury returned a general verdict, finding Vallado guilty of aggravated assault as alleged in the indictment.

SUFFICIENCY OF THE EVIDENCE

*Applicable Law*

The indictment charged a single count of aggravated assault in two separate paragraphs. Paragraph A alleged Vallado committed aggravated assault by using and exhibiting a deadly weapon — a knife — and caused bodily injury to Cortez by cutting and stabbing him with the knife. Paragraph B alleged Vallado committed aggravated assault by cutting and stabbing Cortez with the knife and causing serious bodily injury. The trial court instructed the jury on both theories in the disjunctive.

Vallado asserts the evidence is legally insufficient to prove the knife used in the attack is a deadly weapon. Vallado does not directly attack the sufficiency of the evidence under Paragraph B as to whether Cortez suffered serious bodily injury. Normally, an appellate court will refrain from conducting a sufficiency of the evidence review when the defendant fails to attack all theories of conviction submitted alternatively to the jury. *See Kitchens v. State*, 823 S.W.2d 256, 259 (Tex. Crim. App. 1991)(overruling sufficiency of the evidence point of error because defendant failed to contest all acts charged), *cert. denied*, 504 U.S. 958 (1992); *Gokey v. State*, 314 S.W.3d 63, 68 (Tex. App.—San Antonio 2010, pet. dism'd)(holding court would not conduct sufficiency of evidence review when defendant failed to challenge both theories of aggravated assault submitted to jury); *Gonzalez Soto v. State*, 267 S.W.3d 327, 333 n. 23 (Tex. App.—Corpus Christi 2008, no pet.)(appellate court declined to render judgment of acquittal after State conceded evidence was legally insufficient to support one of the theories submitted to jury because jury returned general verdict and defendant did not challenge sufficiency of evidence to support remaining two theories); *Randall v. State*, 232 S.W.3d 285, 288 (Tex. App.—Beaumont 2007, pet. ref'd)(overruling defendant's claim of legal insufficiency because defendant did not challenge all theories submitted to jury); *Henderson v. State*, 77 S.W.3d 321, 327 (Tex. App.—Fort Worth 2002, no pet.)(same). However, in his argument that the evidence is insufficient to support a finding that he used a deadly weapon, Vallado contends Cortez did not suffer serious bodily injury. Liberally construing the argument, and in the interest of justice, we will consider whether the evidence is sufficient to support the jury's verdict under either theory.

A weapon used to cause serious bodily injury is by definition a deadly weapon. *See* TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (West 2011)("deadly weapon" means "anything that in the

manner of its use or intended use is capable of causing death or serious bodily injury"); *Landrian v. State*, 268 S.W.3d 532, 538 (Tex. Crim. App. 2008). "Serious bodily injury" is "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." TEX. PEN. CODE ANN. § 1.07(a)(46) (West 2011). An object need not actually cause serious bodily injury or death to be a deadly weapon within the meaning of the Penal Code; however, the evidence must establish "the actor intend[ed] a use of the object in which it would be capable of causing death or serious bodily injury." *McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000). When the wounds caused by the weapon do not result in serious bodily injury or death, an object is a deadly weapon only if the State proves it "(1) was capable of causing serious bodily injury; and (2) was displayed or used in a manner that establishes the intent to use the [weapon] to cause death or serious bodily injury." *Lockett v. State*, 874 S.W.2d 810, 814 (Tex. App.—Dallas 1994, pet. ref'd); *see Johnson v. State*, 919 S.W.2d 473, 477 (Tex. App.—Fort Worth 1996, pet. ref'd) (holding that State must prove "the thing used as a weapon was capable of causing death or serious bodily injury").

We conduct a legal sufficiency review by looking at all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Prible v. State*, 175 S.W.3d 724, 729-30 (Tex. Crim. App.), *cert. denied*, 546 U.S. 962 (2005). We resolve any inconsistencies in the testimony in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000). We defer to the jury's determination of the weight to be given to contradictory testimonial evidence because resolution of the conflict is often determined by the jurors'

evaluation of the witnesses' credibility and demeanor. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000).

*Discussion*

The evidence is sufficient to support the jury's verdict under both the "serious bodily injury" and the "deadly weapon" means of committing aggravated assault. Officer Rodriguez testified the knife Vallado used was a deadly weapon. Although Vallado argues on appeal we should not consider this testimony because the State failed to establish the basis of the opinion, he did not object to the testimony at trial. Moreover, Officer Rodriguez explained the basis for his opinion — that when the blade was extended, the knife could be used to "stab somebody, slice an artery; . . . cause severe internal injuries," and the person could "bleed out and die." The knife has a blade that is approximately three inches long, and witnesses testified it was used to stab Cortez. According to Pacheco, the attack caused Cortez's intestines to protrude from one of his wounds. This evidence was sufficient to support a rational finding by the jury that the knife, in its manner of use and intended use, was capable of causing serious bodily injury or death. *See Tucker v. State*, 274 S.W.3d 688, 692 (Tex. Crim. App. 2008)(holding that evidence knife wound was in vulnerable area and could have resulted in severing major blood vessel or nerve supported finding that weapon was capable of causing serious bodily injury or death).

There is also sufficient evidence to allow a rational jury to conclude beyond a reasonable doubt Cortez suffered serious bodily injury. Cortez testified he was in a hospital or in a rehabilitation facility for over two months after the stabbing. His mother testified the wound to her son's stomach would not heal due to infection and a skin graft was required to close the wound. Cortez also suffered a ruptured bowel and was required to use a colostomy bag. Cortez was still using the bag at the time of trial, almost one and one-half years after the crime. This

evidence demonstrates Cortez suffered a protracted loss or impairment of use of the function of a bodily organ.

## CONCLUSION

The State presented sufficient evidence to allow a rational jury to find beyond a reasonable doubt the essential elements of aggravated assault. There was sufficient evidence to support a finding that Vallado used a deadly weapon and caused bodily injury to the victim or that Vallado caused Cortez to suffer serious bodily injury. The judgment of the trial court is affirmed.


Steven C. Hilbig, Justice


PUBLISH