**Affirmed and Memorandum Opinion filed October 30, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00638-CR

---

**KEITH JACKSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 1261249**

---

## MEMORANDUM OPINION

A jury convicted appellant Keith Jackson of aggravated assault, found two enhancements "true," and assessed punishment at 40 years' confinement. In his sole issue on appeal, appellant argues that the evidence is legally insufficient to sustain his conviction because the knife he used was too small to be a deadly weapon. We affirm.

## BACKGROUND

Gary Davis and the complainant, Carl Beltz, spent April 17, 2010 on Beltz's front porch, drinking and taking drugs. Appellant, a regular visitor to the house, joined Davis and Beltz that evening. While all three men drank beer, appellant described a fight he had with a man known as "Gangster." Appellant left after 30-45 minutes, but he returned later that night.

When he came back, appellant angrily accused Beltz of telling "Gangster" where to find him and threatened to kill Beltz. Appellant punched Beltz in the jaw; Beltz kicked appellant and tried to use a chair to shield himself. Appellant removed a small knife from his pocket and stabbed Beltz four times: once in the chest, once in the right arm, once in the jaw (knocking a tooth out), and once in the left leg. Appellant left Beltz on the porch, bleeding profusely. At trial, Beltz testified as follows: "I had enough medical training in the military to understand I had a serious issue going on with the stab wound in my chest." Beltz was rushed to Ben Taub General Hospital, where he underwent surgery. Testimony indicated that appellant lacerated Beltz's liver and two of his arteries, one in his arm and one near his heart. Beltz was released from the hospital after a few days and stayed with various family members until he eventually recovered.

## ANALYSIS

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)). The jury is the exclusive judge of the credibility of witnesses and the weight of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Thus, we defer to the jury's

responsibility to fairly resolve conflicts in the evidence, and we draw all reasonable inferences from the evidence in favor of the verdict. *Id.*

To obtain a conviction for aggravated assault, the State must prove, beyond a reasonable doubt, that the accused (1) intentionally, knowingly, or recklessly caused bodily injury to another while using or exhibiting a deadly weapon. *See* Tex. Penal Code Ann. § 22.01(a)(1) (Vernon 2011) (Assault); Tex. Penal Code Ann. § 22.02(a)(2) (Vernon 2011) (Aggravated Assault). A deadly weapon is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." Tex. Penal Code Ann. § 1.07(a)(17)(B) (Vernon 2011). Serious bodily injury is "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id.* § 1.07(a)(46) (Vernon 2011).

In determining whether a certain weapon qualifies as a deadly weapon, we evaluate the weapon's capability to cause death or serious bodily injury in light of the facts that actually existed at the time of the offense. *Drichas v. State*, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005); *Romero v. State*, 331 S.W.3d 82, 83 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). Relevant factors include (1) the words of the accused, (2) the intended use of the weapon, (3) the size and shape of the weapon, (4) testimony by the victim that he feared death or serious bodily injury, (5) the severity of any wounds inflicted, (6) the manner in which the assailant allegedly used the object, (7) physical proximity of the parties, and (8) testimony as to the weapon's potential for causing serious bodily injury. *Romero*, 331 S.W.3d at 83. The intent of the accused to inflict serious bodily injury or death may be shown by evidence of his assertive conduct. *Id.*

Appellant argues that the "deadly weapon" finding is unsupported by the evidence because the State has failed to demonstrate any of the *Romero* factors. We disagree. Certainly, the State demonstrated the first *Romero* factor — the words of the accused — by showing appellant threatened to kill Beltz before assaulting him. Likewise, a deadly

weapon finding is supported by evidence establishing appellant's intent to stab Beltz; the nature and severity of Beltz's injuries, which required surgery and hospitalization; testimony from Beltz that his wounds posed "a serious issue;" appellant's actual use of the knife to stab Beltz four times; and the close physical proximity of appellant and Beltz during the assault. *See id.*

Appellant argues that the knife was too small to be a deadly weapon, and he relies on Beltz's testimony describing the knife: "It was just one bitty thing. Looked like a fingernail clipper. The blade ain't maybe about that long (indicating)." [1] Under *Romero*, the size and shape of the weapon is a factor to be considered, but this factor is no more important than the other factors in a *Romero* analysis. The size of the blade is not dispositive. *See Birl v. State*, 763 S.W.2d 860, 863-64 (Tex. App.—Texarkana 1988, no pet.) ("We are of the opinion that the size of the blade should be immaterial in most instances since a forceful, well-placed stab by a knife with a one-inch blade, or less, could easily be deadly."). Further, Beltz clarified his testimony and estimated that appellant's knife blade was two-and-one-half to three inches long. Courts have consistently found blades of similar size to be deadly weapons. *See Vallado v. State*, 350 S.W.3d 257, 261 (Tex. App.—San Antonio 2011, pet. ref'd) (concluding that a knife with a blade approximately three inches long was a deadly weapon); *Ford v. State*, 828 S.W.2d 525, 526 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd) (concluding that a knife with a blade two to two-and-one-half inches long was a deadly weapon); *Hicks v. State*, 723 S.W.2d 238, 239 (Tex. App.—Houston [1st Dist.] 1986, no pet.) (concluding that a knife with a blade two-and-one-quarter inches long was a deadly weapon); *see also Thomas v. State*, 821 S.W.2d 616, 618-19 (Tex. Crim. App. 1991) (noting the statutory rejection of cases holding that "knives with blades of three inches, more or less, were not thought dangerous enough for a presumption of deadliness, even if wielded in such a manner as to actually cause death").

---

[1] Appellant omits the rest of Beltz's description: "Just enough of a knife to get you in trouble."

We conclude that, viewed in the light most favorable to the jury's guilty verdict, sufficient evidence supports the jury's finding that appellant intentionally, knowingly, or recklessly caused bodily injury to another while using or exhibiting a deadly weapon.

**CONCLUSION**

Because we overrule appellant's only issue on appeal, we affirm the judgment of the trial court.

_____
William J. Boyce
Justice

Panel consists of Justices Boyce, McCally, and Mirabal.[2]

Do Not Publish — Tex. R. App. P. 47.2(b).

---

[2] Senior Justice Margaret Garner Mirabal sitting by assignment.