

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00644-CR

Elton Anthony **BRANCH**,
Appellant

v.

The **STATE** of Texas

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR7555
Honorable Ray Olivarri, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Rebeca C. Martinez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  August 5, 2015

AFFIRMED

Elton Branch appeals his conviction for aggravated assault with a deadly weapon. He argues the evidence is legally insufficient to support his conviction and the trial court committed reversible error by admitting hearsay and unfairly prejudicial evidence. We affirm.

### PROCEDURAL BACKGROUND

Branch was indicted for committing an assault with a deadly weapon, "a knife, that in the manner of its use and intended use was capable of causing death and serious bodily injury." Branch pled not guilty, and the case proceeded to a jury trial. The jury found Branch guilty of aggravated assault with a deadly weapon, and Branch filed a timely notice of appeal.

**LEGAL SUFFICIENCY**

Branch argues the evidence is legally insufficient to support his conviction because there was no evidence he assaulted the victim or that he used a deadly weapon. In reviewing the legal sufficiency of the evidence, we ask whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *accord Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). We review the evidence "in the light most favorable to the verdict." *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). "Our role on appeal is restricted to guarding against the rare occurrence when a factfinder does not act rationally," and we must "defer to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010) (internal quotation marks and citations omitted).

Branch argues the evidence is legally insufficient to establish he was the individual who stabbed the victim, Clifton Wallace, because Branch was arrested several blocks away from the incident and did not have any of Wallace's blood on him. However, "a conviction may be based on the testimony of only one eyewitness." *Walker v. State*, 180 S.W.3d 829, 832 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Two Kiolbasa plant employees, Saul Monsivais and Steve Moreno, testified they saw the assault happen and identified Branch in court as the individual who assaulted Wallace. Branch argues their testimony is not credible because they were both standing fifteen to thirty feet away from the assault. Because this raises an issue of witness credibility, we must defer to the jury's weighing of the evidence. *See Isassi*, 330 S.W.3d at 638; *see also Welch v. State*, 993 S.W.2d 690, 694 (Tex. App.—San Antonio 1999, no pet.) ("Credibility issues are for the jury, not this Court, to decide.").

A person commits an assault if he intentionally, knowingly, or recklessly causes bodily injury to another. TEX. PENAL CODE ANN. § 22.01(a)(1) (West Supp. 2014). The assault is aggravated when the person uses or exhibits a deadly weapon during the assault. *Id.* § 22.02(a)(2) (West 2011). A deadly weapon is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *Id.* § 1.07(a)(17)(B) (West Supp. 2014). An object is a deadly weapon if the injuries produced result in death or serious bodily injury. *See Tyra v. State*, 897 S.W.2d 796, 798 (Tex. Crim. App. 1995). "Serious bodily injury" is "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." TEX. PENAL CODE ANN. § 1.07(a)(46) (West Supp. 2014). "Bodily injury" is "physical pain, illness, or any impairment of physical condition." *Id.* § 1.07(a)(8).

When the wounds caused by the weapon do not result in serious bodily injury or death, an object is a deadly weapon only if the State proves the weapon was capable of causing serious bodily injury and was displayed or used in a manner that establishes the intent to use the knife to cause death or serious bodily injury. *Vallado v. State*, 350 S.W.3d 257, 260 (Tex. App.—San Antonio 2011, pet. ref'd). Although a knife is not a deadly weapon per se, the State may establish a knife was capable of causing death or serious bodily injury through evidence such as witnesses' descriptions of the knife's size, shape, and sharpness; testimony of the knife's life-threatening capabilities; the manner in which the knife was used; the words spoken by the defendant; the physical proximity between the victim and the knife; and the nature of any wounds caused by the knife. *See Limuel v. State*, 568 S.W.2d 309, 311 (Tex. Crim. App. [Panel Op.] 1978); *Lowe v. State*, 211 S.W.3d 821, 828 (Tex. App.—Texarkana 2006, pet. ref'd); *Victor v. State*, 874 S.W.2d 748, 751-52 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd).

Wallace testified that on the night he was assaulted, he was working as a security guard at a Kiolbasa plant in San Antonio. He noticed Branch walk onto the premises and did not recognize him as an employee. Wallace saw Branch enter an employee's car and lean over the front seat. Wallace testified he told Branch to exit the car and after Branch did so, Wallace noticed he had a knife in his hand. Wallace asked Branch what he was going to do with the knife, and Branch, who Wallace testified was about three feet from him, swung the knife and made slashing gestures around his chest area. Wallace testified that because he did not have anything to protect himself with, he charged at Branch and they wrestled on the ground. Wallace testified he noticed after the struggle that he had a stab wound to his left side just below his ribs and had "blood coming out of [his] side." Wallace further testified he was eventually placed on a gurney and transported to the hospital where he received treatment. The trial court admitted photographs taken after the assault showing Wallace's bloody shirt and pools of blood collected on the ground. The trial court also admitted Wallace's medical records from his hospital visit. The medical records showed Wallace received a three-centimeter stab wound to his lower left flank with a 3.5-inch blade, and the wound was treated with "staples."

Weighing the evidence about the size of the knife, the nature of Wallace's stab wound, the necessity of staples to treat the wound, and Branch's threatening gestures with the knife, the jury could have rationally found the knife was capable of causing serious bodily injury and was used in a manner that established Branch's intent to cause serious bodily injury. *See, e.g.*, *Rivera v. State*, 271 S.W.3d 301, 305-06 (Tex. App.—San Antonio 2008, no pet.) (holding testimony that victim was "stabbed" and evidence about some hospital treatment and ongoing pain, even in the absence of stitches, was legally sufficient to support finding that deadly weapon was used); *Brown v. State*, No. 04-11-00413-CR, 2012 WL 3104414, at *3 (Tex. App.—San Antonio Aug. 1, 2012, pet. ref'd) (mem. op., not designated for publication) (holding evidence that victim was "stabbed"

and knife was six inches long and wounds were near major blood vessels was legally sufficient to support deadly weapon was used); *Hickson v. State*, No. 04-09-00445-CR, 2010 WL 2102987, at *2 (Tex. App.—San Antonio May 26, 2010, no pet.) (mem. op., not designated for publication) (holding testimony of victim describing knife, stating she was afraid, and stating defendant, who was three to four feet away, pointed the end of the knife at her and waved it was legally sufficient to support jury's deadly weapon finding); *Azouz v. State*, No. 04-09-00759-CR, 2010 WL 5141360, at *3 (Tex. App.—San Antonio Dec. 15, 2010, pet. ref'd) (mem. op., not designated for publication) (holding testimony that defendant was swinging a blade in a "cutting motion" near victim's face was legally sufficient). We hold the evidence is legally sufficient to support Branch's conviction.

### TEXAS RULES OF EVIDENCE 403 & 801–804

Branch argues the trial court erred by admitting evidence that was inadmissible under Rules 403 and 801-804 of the Texas Rules of Evidence. We review the admission of evidence for abuse of discretion. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). A trial court abuses its discretion if its ruling is not within the zone of reasonable disagreement. *Id.*

Branch complains the trial court admitted "gruesome" photographs of the victim that were cumulative and unfairly prejudicial. Branch objected to the admission of six photographs at trial, specifically those marked and admitted as State's Exhibits 8, 10, 12, 14, 15, and 16. State's Exhibit 8 shows Wallace lifting up his shirt to reveal a bandage on the left side of his body. State's Exhibit 10 is nearly identical but Wallace's head is turned to the right. State's Exhibit 12 shows the exact same angle as Exhibit 10 but appears to show an Emergency Medical Technician cutting off Wallace's shirt with scissors. State's Exhibits 14, 15, and 16 show Wallace sitting on a gurney.

A trial court may "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice . . . or needlessly

presenting cumulative evidence." TEX. R. EVID. 403. The following factors must be balanced in any Rule 403 analysis: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational yet indelible way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. *Erazo v. State*, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004). As previously discussed, the nature and treatment of the stab wound is relevant to demonstrating that Branch used the knife as a deadly weapon. The photographs cannot be reasonably characterized as gruesome or having the potential to impress the jury in some irrational, indelible way. We hold the trial court's determination that the photographs were not unfairly prejudicial to Branch or needlessly cumulative is within the zone of reasonable disagreement.

Branch also complains the trial court erred in admitting Wallace's testimony about what he shouted to Kiolbasa plant employees to "let[] them know what the situation was." Branch objected on the grounds of hearsay. The trial court overruled the objection and Wallace testified, "I told Steve there was someone there trying to break into a vehicle and to -- that I needed assistance." Rule 802 provides hearsay is inadmissible unless otherwise provided by statute or the rules of evidence. TEX. R. EVID. 802; *see* TEX. R. EVID. 801(d) (defining "hearsay"). Rule 803(1) permits hearsay that constitutes a "present sense impression," which is "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it." TEX. R. EVID. 803(1). Rule 803(3) permits statements of the declarant's then existing state of mind or emotional condition. TEX. R. EVID. 803(3). The objected-to statement explained Wallace's condition, described an event while or immediately after Wallace perceived it, and described Wallace's then-existing state of mind. We hold the trial court's admission of Wallace's objected-to testimony was not outside the zone of reasonable disagreement. *See Moses*, 105 S.W.3d at 627. Therefore, Branch failed to show the trial court committed error by admitting the photographs or Wallace's testimony.

## CONCLUSION

We affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

Do Not Publish