**Opinion issued October 6, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-15-00642-CR**

————————————

**ALVIN PERRY JONES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 10th District Court**
**Galveston County, Texas**
**Trial Court Case No. 13CR2725**

---

**MEMORANDUM OPINION**

Appellant, Alvin Perry Jones, was charged by indictment with aggravated

robbery.[1]  Appellant pleaded not guilty.  The jury found Appellant guilty, found the

---

[1]     *See* TEX. PENAL CODE ANN. §§ 29.02(a), 29.03(a) (Vernon 2011), § 31.03(a)
(Vernon Supp. 2015).

two enhancement paragraphs accompanying the charge to be true, and assessed punishment at 35 years in prison. In one issue, Appellant argues the evidence at trial was insufficient to support the determination that the pocket knife used or exhibited in the offense was a deadly weapon.

We affirm.

**Background**

On October 9, 2013, the assistant manager of Ziegler's Grocery, Amy Townsend, was watching the video surveillance feed and saw Jones putting several items into his pants. Suspecting Jones was attempting to shoplift from the store, Townsend instructed an employee to call 9-1-1 and turned off the automatic door at the front of the store to prevent Jones from leaving.

As Jones approached the exit, Townsend requested that he empty his pockets. Another employee, Julio Almaguer, arrived at the front of the store as Jones began to take items out of his pants and pockets. Townsend and Almaguer saw Jones remove several bottles of bug spray and shampoo from his pants.

By the time Jones finished taking several items out of his pants, both Townsend and Almaguer were standing in front of the door, effectively blocking Jones's exit from the store. Townsend told Jones the police were on their way and that he needed to wait for them. Jones then attempted to exit the building and bumped into Townsend when she refused to move out of his way.

Jones reached into his pocket and pulled out a closed pocket knife with a blade length of three to four inches. He held the closed knife at his side and told the employees, "It's fixing to get ugly in here," or "It's about to get real ugly." Jones then advanced toward Almaguer. Townsend feared that Jones might stab them, and Almaguer feared for his safety as well.

Almaguer testified that the pocket knife remained closed as Jones came towards him, and that he grabbed Jones's hand to prevent him from opening the blade. In the struggle that ensued, Jones broke Almaguer's finger, and Almaguer also received a cut on his fingertip from the blade of the now-opened pocket knife.[2] Almaguer described the cut on his finger as a minor injury.

Townsend and Almaguer then allowed Jones to exit the store. Upon leaving the store, Jones closed the knife and put it back into his pocket. Almaguer and another co-worker pursued Jones, caught him, and restrained him. Shortly thereafter, Officer L. Paxton arrived at the scene and arrested Jones. The Officer noticed that Almaguer had a broken finger and was also bleeding from a cut. When he searched Jones, Officer Paxton found shampoo, soap, bug spray, a crack pipe, and the pocket knife.

---

[2] There was some conflicting testimony about whether the knife was open or closed at this point. Townsend's testimony indicated that the knife was open before Jones began advancing toward Almaguer. Both employees agree, however, that the knife was open after Jones broke Almaguer's finger.

3

**Standard of Review**

We review the sufficiency of the evidence establishing the elements of a criminal offense for which the State has the burden of proof under a single standard of review. *Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013) (citing *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010)). This standard of review is the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). Pursuant to this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). We can hold evidence to be insufficient under the *Jackson* standard in two circumstances: (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense, or (2) the evidence conclusively establishes a reasonable doubt. *See Jackson*, 443 U.S. at 314, 318 & n.11, 320, 99 S. Ct. at 2786, 2789 & n.11; *Britain v. State*, 412 S.W.3d 518, 520 (Tex. Crim. App. 2013).

The sufficiency-of-the-evidence standard gives full play to the responsibility of the fact finder to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at

319, 99 S. Ct. at 2789; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). An appellate court presumes that the fact finder resolved any conflicts in the evidence in favor of the verdict and defers to that resolution, provided that the resolution is rational. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. In viewing the record, direct and circumstantial evidence are treated equally; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Clayton*, 235 S.W.3d at 778. Finally, the "cumulative force" of all the circumstantial evidence can be sufficient for a jury to find the accused guilty beyond a reasonable doubt. *See Powell v. State*, 194 S.W.3d 503, 507 (Tex. Crim. App. 2006).

**Sufficiency of the Evidence**

In his sole issue, Appellant argues the evidence at trial was insufficient to support the determination that the pocket knife used or exhibited in the offense was a deadly weapon. The elements of aggravated assault, as they apply to Appellant, (1) include the elements necessary to prove robbery under section 29.02 of the Texas Penal Code and (2) require that the person "uses or exhibits a deadly weapon." TEX. PENAL CODE ANN. § 29.03(a)(2) (Vernon 2011); *see also* TEX. PENAL CODE ANN. § 29.02(a) (Vernon 2011). Appellant's sole contention on appeal is that the evidence at trial was insufficient to establish that the pocket knife was a deadly weapon. *See id.* § 29.03(a)(2).

5

In his brief, Appellant asserts that appellate courts are free to draw their own conclusions as to whether a knife constitutes a deadly weapon. This is incorrect. Whether a knife is a deadly weapon is a question of fact for the fact finder to resolve. *See Felix v. State*, 179 S.W.2d 556, 557 (Tex. Crim. App. 1944); *Tisdale v. State*, 686 S.W.2d 110, 117 (Tex. Crim. App. 1984).

The Texas Penal Code defines a "deadly weapon" as "anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or . . . anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE ANN. § 1.07(a)(17) (Vernon Supp. 2015). "A weapon can be deadly by design or use." *Tucker v. State*, 274 S.W.3d 688, 691 (Tex. Crim. App. 2008). A folding knife is not a deadly weapon by design. *Id.* "An object is a deadly weapon by usage if 'in the manner of its use or intended use,' the object 'is capable of causing death or serious bodily injury.'" *Id.* at 691–92 (quoting PENAL § 1.07(a)(17)).

In deciding whether a knife is a deadly weapon in the context of the offense, we consider the knife's physical characteristics. *See McCain v. State*, 22 S.W.3d 497, 502 (Tex. Crim. App. 2000) (rejecting argument that object can be considered deadly weapon "for reasons other than the object's physical characteristics"). If an object is capable of causing death or serious injury and is used to threaten deadly force, then it is a deadly weapon for the purposes of that offense. *Id.* at 503.

The knife was admitted into evidence. Accordingly, the jury was capable of independently evaluating its characteristics to determine if it was capable of causing death or serious injury. In addition, Townsend testified that the blade was about three to four inches long. Officer Paxton testified it was average size as he examined it on the stand.[3] The evidence showed it was sharp enough to cut Almaguer. We hold there was sufficient evidence in the record for the jury to determine that the knife was capable of causing death or serious injury. *See Hicks v. State*, 723 S.W.2d 238, 239–40 (Tex. App.—Houston [1st Dist.] 1986, no pet.) (holding that knife with blade length of two and one-fourth inches was deadly weapon).

There was also sufficient evidence in the record for the jury to determine that the knife was used to threaten deadly force. *See McCain*, 22 S.W.3d at 503. Appellant held the knife in his hand, exposing it to Townsend and Almaguer. While displaying the knife, Appellant said either "It's fixing to get ugly in here," or "It's about to get real ugly." The surveillance video shows Appellant handling the knife while trying to get past Townsend and Almaguer in order to escape while in possession of stolen merchandise.

---

[3]     In his sufficiency of the evidence challenge, Appellant characterizes a certain other portion of Officer Paxton's testimony as a legal conclusion, citing *Tucker v. State*, 274 S.W.3d 688 (Tex. Crim. App. 2008). Because we do not rely on this testimony, we do not need to address this argument on appeal.

Appellant argues the fact that the blade was not exposed during most of the time that he handled the knife disproves that he used the knife to threaten deadly force. We disagree. In *McCain*, the complainant "saw a long, dark object partly sticking out of [the defendant]'s back pocket" while the defendant punched her with his fists. *Id.* at 499. She believed the object was a knife. *Id.* When he was arrested, the defendant had a butcher's knife with a nine-inch blade on him. *Id.* The Court of Criminal Appeals held that carrying the knife in his pocket during the attack "was legally sufficient to show that the butcher knife was a deadly weapon under the circumstances." *Id.* at 503. We see no reason to draw a distinction between a butcher's knife partially exposed from a pocket and a closed knife held in Appellant's hand.

Appellant argues that the minor cut to Almaguer's finger should weigh heavily in favor of a finding that the pocket knife was not used or exhibited as a deadly weapon. Even though "wounds are a factor to be considered in determining the character of a weapon, wounds need not be inflicted before a knife can be determined to be a deadly weapon." *Davidson v. State*, 602 S.W.2d 272, 273 (Tex. Crim. App. 1980) (citing *Denham v. State*, 574 S.W.2d 129, 130 (Tex. Crim. App. 1978)); *see also Magana v. State*, 230 S.W.3d 411, 414 (Tex. App.—San Antonio 2007, pet. ref'd) (holding there was sufficient evidence that small knife was a deadly weapon even though it inflicted only superficial wounds).

Finally, Appellant argues that any fear of serious bodily injury by the employees was not reasonable. Appellant argues this disproves that the knife was a deadly weapon. But determination of whether a knife is a deadly weapon does not depend on a showing of the complainant's reasonable fear of serious bodily injury. Instead, the only issue for state of mind concerns whether the defendant used or intended to use the object in a manner capable of causing serious bodily injury. PENAL § 1.07(a)(17). "[A]n object is a deadly weapon if the actor intends a use of the object in which it would be capable of causing death or serious bodily injury." *McCain*, 22 S.W.3d at 503.

We hold that the evidence was sufficient to establish that the knife was a deadly weapon. We overrule Appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).

9