Nelson ROMERO, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–09–01035–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 2, 2010.
Rehearing Overruled Dec. 23, 2010.

John J. Davis, Angleton, for appellant.

Melinda Fletcher, Amarillo, for appellee.

Panel consists of Justices SEYMORE, BOYCE, and CHRISTOPHER.

## MAJORITY OPINION

WILLIAM J. BOYCE, Justice.

Appellant Nelson Romero was indicted for the third-degree felony of possessing a deadly weapon in a penal institution. *See* Tex. Penal Code Ann. § 46.10 (Vernon 2003). A jury found him guilty as charged

in the indictment and assessed an enhanced punishment of imprisonment for 30 years. *See* Tex. Penal Code Ann. § 12.42(d) (Vernon 2003). We affirm.

## BACKGROUND

Appellant participated in a prison fight with multiple inmates on May 28, 2006. During the fight, appellant was seen holding at least one prison "shank," which he allegedly used to stab several other inmates. Witnesses testified that appellant either disposed of the weapon after the fight or turned it into prison officials, and the weapon was not admitted into evidence at trial.

The jury found appellant guilty as alleged in the indictment. The jury sentenced him to imprisonment for 30 years, based on two prior felony convictions. *See* Tex. Penal Code Ann. § 12.42(d). The trial court signed a judgment in conformity with the jury's findings. Appellant appeals, challenging the legal and factual sufficiency of the evidence supporting the jury's finding that appellant's weapon was deadly.

## ANALYSIS

We address appellant's sufficiency challenges under a single standard for evaluating legal sufficiency of the evidence to support a finding required to be proven beyond a reasonable doubt. *See Brooks v. State,* 323 S.W.3d 893, 902–03 (Tex.Crim. App.2010) (plurality opinion) (appropriate standard of review for sufficiency of the evidence considers "all evidence in the light most favorable to the verdict" to determine whether a jury was "rationally justified in finding guilt beyond a reasonable doubt"); *id.* at 913–15 (Cochran, J., concurring) (concluding that a separate factual sufficiency standard no longer applies in criminal cases).

## I. Applicable Law

A person commits an offense under section 46.10 of the Texas Penal Code if, while confined in a penal institution, he intentionally, knowingly or recklessly (1) carries on or about his person a deadly weapon; or (2) possesses or conceals a deadly weapon in the penal institution. *See* Tex. Penal Code Ann. § 46.10. To prove that appellant's weapon was deadly, the State must prove that the shank (1) was manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or (2) is capable of causing death or serious bodily injury in the manner of its use or intended use. *See* Tex. Pen. Code Ann. § 1.07(a)(17) (Vernon 2003); *Thomas v. State,* 821 S.W.2d 616, 619 (Tex. Crim.App.1991); *Brown v. State,* 716 S.W.2d 939, 946 (Tex.Crim.App.1986).

█ To determine whether appellant's shank was a deadly weapon under the second definition, "capability" must be evaluated in light of the facts that actually existed at the time of the offense. *Drichas v. State,* 175 S.W.3d 795, 799 (Tex.Crim. App.2005); *Brown,* 716 S.W.2d at 946–47. Factors that a jury may consider in determining whether an object is a deadly weapon under this definition include (1) words of the accused; (2) the intended use of the weapon; (3) the size and shape of the weapon; (4) testimony by the victim that he feared death or serious bodily injury; (5) the severity of any wounds inflicted; (6) the manner in which the assailant allegedly used the object; (7) physical proximity of the parties; and (8) testimony as to the weapon's potential for causing death or serious bodily injury. *See Thomas,* 821 S.W.2d at 619; *Brown,* 716 S.W.2d at 946–47.

█ Intent to inflict serious bodily injury or death may be shown by evidence of assertive conduct by an attacker. *John-*

*son v. State,* 919 S.W.2d 473, 477 (Tex. App.-Fort Worth 1996, pet. ref'd). The nature of any inflicted wounds is a factor to be considered, but wounds are not a prerequisite to a deadly weapon finding. *Dominique v. State,* 598 S.W.2d 285, 286 (Tex.Crim.App.1980). Either expert testimony or lay testimony may be independently sufficient to support a deadly weapon finding. *Banargent v. State,* 228 S.W.3d 393, 399 (Tex.App.-Houston [14 Dist.] 2007, pet. ref'd) (citing *English v. State,* 647 S.W.2d 667, 668–69 (Tex.Crim. App.1983) (en banc)). It is not necessary for the weapon to be introduced into evidence. *Id.* (citing *Morales v. State,* 633 S.W.2d 866, 868 (Tex.Crim.App.1982)).

## II. Evidence of "Capability"

██ Inmate Ricky Zackery testified that appellant "tried to take my life" and "tried to kill me" with the shank by stabbing him below the chest and in the shoulder during the prison fight. Zackery testified that he lost consciousness after the fight and was transported to the hospital in an ambulance. Zackery testified that he stayed in the hospital approximately two days, and he was given pain medication for seven days after the incident.

Inmate Adrian Richmond testified at trial that he saw appellant stab Zackery and at least one other inmate with a shank during the prison fight. Richmond testified that Zackery was "covered in blood" after appellant stabbed Zackery two times, and that "blood was everywhere." Inmate Fred Primes also testified that he saw appellant holding a shank during the fight. Primes testified that although he did not see appellant stab anyone, other inmates did. Richmond and Investigator Rebecca Dougherty testified that weapons similar to the shank appellant used in the prison fight were "capable of causing death or serious bodily injury."

Richmond admitted that his trial testimony differed from one of his initial statements to police, in that (1) he testified at trial that appellant held two shanks during the fight, but stated at an earlier point that appellant held one shank; and (2) one of his initial statements identified a different inmate as the individual who stabbed Zackery. Richmond testified that "when the shanks came out ... I mean it happened fast." Appellant argues that this evidence, along with evidence that the wounds actually inflicted by the shank were not serious, renders the other evidence supporting the jury's finding insufficient.

We conclude that viewed in the light most favorable to the jury's guilty verdict, the evidence sufficiently supports the jury's finding that the weapon used by appellant was deadly. *See Brooks,* 323 S.W.3d at 902–03 (plurality opinion); *id.* at 913–15 (Cochran, J., concurring).

## CONCLUSION

Because we overrule appellant's only issue on appeal, we affirm the judgment of the trial court.

SEYMORE, J., concurring.

CHARLES W. SEYMORE, Justice, concurring.

The majority has concluded that appellant's questions of fact must be determined under a "single standard for evaluating legal sufficiency of the evidence." For reasons outlined below, this court should address appellant's questions of fact as questions of fact and employ a factual-sufficiency standard of review.

I write separately because this Court has a duty to address appellant's factual-sufficiency challenge by neutrally considering and weighing all the evidence in the record, including evidence contrary to the

jury's verdict. *Laster v. State*, 275 S.W.3d 512, 518–19 (Tex.Crim.App.2009); *Cain v. State*, 958 S.W.2d 404, 408 (Tex.Crim.App. 1997); *Ex parte Schuessler*, 846 S.W.2d 850, 852 (Tex.Crim.App.1993); *Meraz v. State*, 785 S.W.2d 146, 153 (Tex.Crim.App. 1990); *see also Pool v. Ford Motor Co.*, 715 S.W.2d 629, 633–35 (Tex.1986); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951).[1] Moreover, the Texas Legislature has expressly provided that Texas courts of appeals may reverse and remand a criminal case for a new trial "as well upon the law as upon the facts." Tex. Code Crim. Proc. Ann. art. 44.25 (West 2006) (entitled, "Cases remanded"). Indeed, it is well settled that reversible error occurs when a court of appeals addresses a question of fact as a question of law. *See Ex parte Schuessler*, 846 S.W.2d at 852; *Meraz*, 785 S.W.2d at 154–55; *In re King's Estate*, 244 S.W.2d at 661–62.

Every Texan is entitled to due process of law and all protections afforded under the Texas Constitution. Each judge who takes our oath of office swears to preserve, protect, and defend the Texas constitution, and the language in the factual-conclusivity clause of the Texas Constitution is clear and unambiguous:

> [T]he decision of [Texas courts of appeals] shall be *conclusive* on all ques-

tions of fact brought before them on appeal or error.

Tex. Const. art. V, § 6(a) (emphasis added). Pursuant to this provision, Texas courts must distinguish between questions of law and questions of fact. *Sw. Bell Tel. Co. v. Garza*, 164 S.W.3d 607, 621 (Tex. 2004). The Texas Court of Criminal Appeals recently recognized this obligation: "The Factual Conclusivity Clause gives *final appellate jurisdiction* to the court of appeals on questions of fact brought before the court." *Laster*, 275 S.W.3d at 518–19 (emphasis added).

The majority accepts without question the decision of five judges on the Court of Criminal Appeals to disgorge this court of its constitutional mandate to determine factual sufficiency of the evidence in a criminal case.[2] *See Brooks v. State*, 323 S.W.3d 893, 901–02 (Tex.Crim.App.2010) (Hervey, J., joined by Keller, J., Keasler, J., and Cochran, J., plurality op.) & *id.* at 912–928 (Cochran, J., joined by Womack, J., concurring) (overruling use in criminal cases of factual-sufficiency appellate standard of review, which was consistent with Texas Supreme Court precedent and articulated in *Clewis v. State*, 922 S.W.2d 126, 134–36 (Tex.Crim.App.1996)). In the *Brooks* plurality and concurring opinions, five judges recently concluded that in criminal cases a "factual-sufficiency [appel-

---

1. I am not alone in my belief that Texas courts of appeals have a constitutional duty to review evidence for factual sufficiency when so requested. *See Ervin v. State*, 331 S.W.3d 49, 56–70 (Tex.App.-Houston [1st Dist.] 2010, no pet. h.) (Jennings, J., concurring).

2. Within the last month, I participated in four non-published opinions in which this Court followed *Brooks*. *See Leyva v. State*, No. 14–09–00636–CR, 2010 WL 4514229 (Tex.App.-Houston [14th Dist.] Nov. 9, 2010) (mem. op., not designated for publication); *Edwards v. State*, No. 14–09–00074–CR, 2010 WL 4366114 (Tex.App.-Houston [14th Dist.] Nov. 4, 2010, no pet. h.) (mem. op., not designated

for publication); *Holmes v. State*, No. 14–09–00742–CR, 2010 WL 4366266 (Tex.App.-Houston [14th Dist.] Nov. 4, 2010, no pet. h.) (mem. op., not designated for publication); *Paredes v. State*, No. 14–09–00732–CR, 2010 WL 4324395 (Tex.App.-Houston [14th Dist.] Nov. 2, 2010, no pet. h.) (mem. op., not designated for publication). On further reflection, I believe this court has exclusive appellate jurisdiction over factual-sufficiency issues in criminal cases, and we are under a constitutional obligation not to employ what is patently a legal-sufficiency standard of review when a defendant has properly raised a factual-sufficiency issue.

late] standard [of review] is indistinguishable from a . . . legal-sufficiency [appellate] standard" of review. *See Brooks,* 323 S.W.3d at 904–05. The five judges substituted a legal-sufficiency standard of review for a factual-sufficiency standard of review when "determining whether the evidence is sufficient to support each element of a criminal offense . . . beyond a reasonable doubt." *Id.* at 894–95 (holding that legal-sufficiency standard articulated in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) is "only standard" reviewing court should apply in determining whether evidence is sufficient to support each element of criminal offense); *id.* at 926–28 (Cochran, J., concurring). Asserting that the "two standards *have become* essentially the same standard and that there is no meaningful distinction between them that would justify *retaining them both,*" the five judges purport to eliminate the factual-sufficiency standard of review in criminal cases. *Brooks,* 323 S.W.3d at 894–95 (emphasis added).

Regretfully, the five judges in *Brooks* would confine the courts of appeals to addressing the purely legal question of whether the evidence, when not weighed but viewed in the light most favorable to the prosecution, is legally sufficient to support a criminal conviction. These judges have rendered the factual-conclusivity clause of the Texas Constitution and article 44.25 of the Texas Code of Criminal Procedure without force or effect in criminal appeals.

I respectfully submit that the Court of Criminal Appeals has neither the jurisdiction nor lawful authority to disgorge criminal defendants of this constitutional protection. In fact, three years prior to issuing its opinion in *Clewis,* the court acknowledged that it may not order Texas courts of appeals to use a legal-sufficiency appellate standard of review to decide questions of fact. *See Ex parte Schuessler,* 846 S.W.2d at 852. Recognizing that it may not "interfere [ ] with the fact jurisdiction of the intermediate appellate courts," the court emphasized that it is "not constitutionally authorized to adopt a standard of review for the court[s] of appeals . . . *inconsistent* with Art. V, § 6 of [the Texas] Constitution." *Id.* at 853 (quoting *Meraz,* 785 S.W.2d at 153) (emphasis added). Any such action taken by the Court of Criminal Appeals is "void *ab initio.*" *Id.* at 852–53.

Relative to the plurality and concurring opinions in *Brooks,* it is true under the doctrine of stare decisis that once "the highest court of the State *having jurisdiction* " of a matter decides a "principle, rule or proposition of law," that court and all "other courts of *lower rank* " must accept the decision as "binding precedent." *Swilley v. McCain,* 374 S.W.2d 871, 875 (Tex. 1964) (emphasis added). It is also true that the Court of Criminal Appeals has final appellate jurisdiction relative to questions of law in criminal cases. Tex. Const. art. V, § 5. However, only four of the Court of Criminal Appeals judges would substitute the *Jackson* legal-sufficiency standard for a factual-sufficiency standard under Article V, section 5 of the Texas Constitution. *Brooks,* 323 S.W.3d at 912–13.

Moreover, under the factual-conclusivity clause, a Texas court of appeals is not a court of rank "lower" than either the Texas Supreme Court or the Court of Criminal Appeals because the courts of appeals have conclusive, exclusive, and final authority over such questions of fact. The Court of Criminal Appeals has recognized that the factual-conclusivity clause provides "final appellate jurisdiction to the courts of appeals on questions of fact brought before" them. *Laster,* 275 S.W.3d at 518–19. Neither the Texas Supreme

Court nor the Court of Criminal Appeals has any jurisdiction to create a factual-sufficiency appellate standard of review "in conflict" with the Texas constitution, i.e., any standard that would eliminate or in any way interfere with the exclusive authority of the courts of appeals to actually decide the questions of fact presented to them by considering and weighing all the evidence in a trial record. *See Ex parte Schuessler*, 846 S.W.2d at 852; *Meraz*, 785 S.W.2d at 152; *see also Pool*, 715 S.W.2d at 633–35; *In re King's Estate*, 244 S.W.2d at 661–62. Thus, the doctrine of stare decisis does not bind a Texas court of appeals to apply such an invalid, unconstitutional, appellate standard of review.

Nevertheless, in the present majority and in previous opinions,[3] this Court has reviewed factual-sufficiency issues as questions of law by applying the *Jackson* legal-sufficiency standard of review. Those dispositions are binding precedent. *See Caddell v. State*, 123 S.W.3d 722, 726–27 (Tex. App.-Houston [14th Dist] 2003, pet. ref'd) (explaining we are bound to follow our own precedent).

I do not disagree with the majority's disposition of appellant's legal and factual sufficiency issues under the standard of review our court has adopted. Accordingly, I concur with the majority in affirming the trial court's judgment.

---

**3.** *See Shaw v. State*, 329 S.W.3d 645, 657 (Tex.App.-Houston [14th Dist.] 2010, no pet. h.); *Pomier v. State*, 326 S.W.3d 373, 378–79 (Tex.App.-Houston [14th Dist.] 2010, no pet. h.); *see also Nwosoucha v. State*, 325 S.W.3d 816, 829–31 (Tex.App.-Houston [14th Dist.] 2010, no pet. h.) (recognizing that legal-sufficiency standard of review remains after *Brooks·*).