Opinion issued July 14, 2011.



In The

Court
of Appeals

For The

First
District of Texas

————————————

NO. 01-09-00674-CR

———————————

Andre Jamail Gilliam, Appellant

V.

State of Texas, Appellee



 



 

On Appeal from the 351st District
Court 

Harris County, Texas



Trial Court Case No. 1224664

 



 

MEMORANDUM OPINION

Andre Jamail Gilliam was convicted by a jury of aggravated robbery with a
deadly weapon and sentenced by the court to 40 years in prison.  In three issues, appellant contests the corroboration
of the alleged accomplice’s testimony and the legal and factual sufficiency of
the evidence.

We
affirm.

Background

In
August, 2007, Harris County Sheriff’s Deputy Brooks and other officers were
dispatched to a robbery in progress at a “99 Cent Store.”  When they arrived, the officers spoke to the
employees present and learned that the suspects were three black males with
handguns who, because they wore ski masks, were unidentifiable.  The door to the safe by the front of the
store was open and change, boxes and register tills lay strewn about on the
ground.  

Officer
Brooks reviewed the recording from the store’s surveillance system and saw
three masked males enter the store through a loading door at the rear of the
store. The video also depicted a female employee (later determined to be
Tyresha Richard) walk to the loading dock’s bay door, kneel down where the
locking device on the door was located, and do something.  Both Richard and one of the robbers could be
seen using their cell phones just before she unlocked the door.

The
masked men entered the store shouting and brandishing pistols. Assistant
manager Ms. Smith was directed to call the other employees to the back of the
store where, at gunpoint, all were required to lie down on the office
floor.  Ms. Smith testified that she
feared that she was going to die but that Richard, who was on the floor along
with the others, never appeared startled or scared throughout the episode.

The $3,000
in stolen cash was never recovered.  

Richard
testified that about three weeks prior to the robbery she, her roommate and
Gilliam (her roommate’s boyfriend) drove to the store to pick up her
paycheck.  En route, Gilliam asked her
several questions about the store’s alarm system, surveillance cameras and the
location of the safe.  On the day of the
robbery, Gilliam called and told her “it was going to happen that day,” which
she understood to mean that he would rob the store that day.  He inquired about security guards he had seen
in the parking lot, who was in the store, and if a manager was present.  He instructed Richard to unlock the back door
and she did. 

A few
days after the robbery, Sergeant Spurgeon of the Sheriff’s Office reviewed the
surveillance tapes and then met with Richard, who gave a statement. The
following day Richard called the Sergeant back to provide even more information
and to tell him that Gilliam was calling and threatening her family and that
Gilliam’s girlfriend (her roommate) had also participated in the robbery.  Following his review of the surveillance
tapes and Gilliam’s and Richard’s phone records both before and after the
robbery as well as the following day, Sergeant Spurgeon determined that
Richard, too, was a participant.

 At trial, Gilliam’s girlfriend, Twanna
Jackson, testified that she and Gilliam were home all night on the night of the
robbery and she did not recall him being on the phone that night.  The list of calls to and from Gilliam’s
phone, however, showed usage.

Sufficiency of Corroborating Accomplice Evidence 

In his
first issue, Gilliam contends that the trial evidence was insufficient to
corroborate Richard’s testimony and cannot support the verdict.  

A
conviction cannot be had upon the testimony of an accomplice unless
corroborated by other evidence tending to connect the defendant with the
offense committed; and the corroboration is not sufficient if it merely shows
the commission of the offense.

 

Tex. Code Crim. Proc. Ann. art. 38.14
(Vernon  2005).  

The test
to weigh the sufficiency of corroborative evidence is to eliminate the
accomplice witness’ testimony and then to examine the other evidence to
determine if there is any evidence which “tends to connect” the defendant with
the commission of the crime.  Longoria v. State, 154 S.W.3d 747, 758
(Tex. App.—Houston [14th Dist.] 2004, pet. ref’d).   The corroborative evidence “need not be
sufficient in itself to establish guilt, nor must it directly link the accused
to the commission of the offense.”  Id.  Instead, the “accomplice witness” rule is
satisfied if there exists some non-accomplice evidence that “tends to connect”
the accused to the commission of the offense alleged in the indictment. Id. 
No specific quantum of evidence is required to corroborate accomplice
testimony.  Dowthitt v. State, 931 S.W.2d 244, 249 (Tex. Crim. App. 1996).   We view the corroborating evidence in the
light most favorable to the jury’s verdict. 
Gill v. State, 873 S.W.2d 45,
48 (Tex. Crim. App. 1994).

Gilliam
contends that the only corroborating evidence are phone records showing a
series of calls between his and Richard’s phones within a particular time
frame.  This, he argues, distinguishes
his case from Longoria, supra, in
which cell phone records were matched with additional corroborating testimony
sufficient to satisfy the accomplice witness rule.  However, Gilliam would have us ignore other
telling evidence corroborating Richard’s testimony: the surveillance tape
depicting the simultaneous cell phone use of both Richard and one of the
robbers as she unlocked the door through which entry was made. 

As in Longoria, “[t]he main pieces of
corroborative evidence . . . are the cellular telephone records,” Longoria, 154 S.W.3d at 758,  and, also as in Longoria, Gilliam complains that the records reflect no more than
that a call was made from one number to another, but not who made the calls “or
that there were actual conversations
between . . . Gilliam and Richard.”  As
the Fourteenth Court expressed in Longoria,
however, “[t]here is a natural and permissible assumption that calls from a
person’s cellular telephone were made by that person.”[1]  Id.  As this court has held, “[c]all records are
strong circumstantial evidence that tends to connect appellant to the offense
because it shows that appellant was in direct communication with the actors
immediately before and after commission of the crime.”  Cooper
v. State, No. 01-05-00764, 2006 WL 2974366, at *4 (Tex. App.—Houston [1st
Dist.] Oct. 19, 2006, pet. ref’d) (mem. op.).

Taken in
conjunction with the video depiction of Richard and a robber on simultaneous
phone calls during the episode, we find that this evidence satisfies the
accomplice witness rule.  We overrule
Gilliam’s first issue.

Sufficiency of the Evidence

          Gilliam’s second and third issues are complaints that the
evidence was legally and factually insufficient to support the verdict.  His discussion of these challenges is made in
a single argument and we will so address them.

Standard of Review

The test
for factual insufficiency is indistinguishable from that of legal
sufficiency.  See Brooks v. State, 323
S.W.3d 893, 901 (Tex. Crim. App. 2010).[2]

In assessing legal and
factual sufficiency, we determine whether, based on all of the record evidence
viewed in the light most favorable to the verdict, a rational jury could have
found the essential elements of the offense beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 318–19, 99 S. Ct. 2781, 2788-89
(1979);  Swearingen v. State, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003).  Under the Jackson
standard, evidence is insufficient to support a conviction when, considering
all the evidence admitted at trial in the light most favorable to the verdict,
a fact finder could not have rationally found that each element of the charged
offense was proven beyond a reasonable doubt. 
See Jackson, 443 U. S. at 319,
99 S.Ct. at 2789; In re Winship, 397
U.S. 358, 361, 90 S.Ct. 1068, 1071 (1970); Williams
v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). A defendant may
establish this under two circumstances: (1) the record contains no evidence, or
merely a “modicum” of evidence, probative of an element of the offense; or (2)
the evidence, viewed in the light most favorable to the verdict, conclusively
establishes a reasonable doubt.  See Jackson, 443 U.S. at 314, 318 n. 11,
320, 99 S.Ct. at 2788–89; Williams, 235 S.W.3d at 750; Laster
v. State, 275 S.W.3d 512, 518 (Tex. Crim. App. 2009).  An appellate court presumes that the trier of
fact resolved any conflicts in the evidence in favor of the verdict and must
defer to that resolution, provided that the resolution is rational.  See
Jackson, 443 U.S. at 326; 99 S.Ct. at 2793. 
Nor may an appellate court re-evaluate the weight and credibility of the
record evidence and substitute its own judgment for that of the fact finder.  Williams,
235 S.W.3d at 750.

A.   Application
to Facts

Here,
Gilliam was charged with aggravated robbery with a deadly weapon.  A person is guilty of robbery if  “in the course of committing theft . . . with
intent to obtain or maintain control of the property, he . . . intentionally or
knowingly threatens or places another in fear of imminent bodily injury or
death.”  Tex. Penal Code Ann. § 29.02 (Vernon 2003).  One is guilty of aggravated robbery if he
commits robbery with the use or exhibition of a deadly weapon.   Tex.
Penal Code Ann. § 29.03 (Vernon 2003). 
A firearm is considered a deadly weapon. 
Tex. Penal Code Ann. §
1.07(a)(17)(A) (Vernon 2003).  

Gilliam
claims that Richard’s testimony is so “spotty, contradictory and unreliable”
that it is factually insufficient to support the verdict and points to a number
of areas in which Richard contradicts herself and/or changes her story. These
contradictions, Gilliam argues, so weaken her testimony that “a reasonable fact
finder could not find it credible enough to support a guilty verdict against
Gilliam and subsequent forty year prison sentence.”  They include:

1.    
Whether or not she had ever
given statements under oath;

2.    
 The physical description of Gilliam;

3.    
Her testimony as to the
nature and length of her familiarity with Gilliam;

4.    
Whether she had been coached
to admit the crime;

5.    
Who initiated the phone
calls between Gilliam and her; 

6.    
Her demeanor in trial; and

7.    
Gilliam’s claim that credibility of the
exculpatory testimony of Twanna Jackson was so unassailable that, set against Richard’s
“spotty, contradictory, and unreliable” testimony, a reasonable fact finder
could not find Gilliam guilty. 

 

Such contentions
speak to witness credibility and evidentiary weight: the jury’s province.  Lancon
v. State, 253 S.W.3d 699, 704–705 (Tex. Crim. App. 2008). 

 The jury heard evidence about the surveillance
tapes showing Tyresha Richard using her cell phone, then kneeling down and
unlocking the back bay door to the store. 
The jury further heard of the terrifying particulars of the robbery
itself and its effect on other victims, contrasted with Richard’s composure
throughout. The phone records confirmed numerous calls between Gilliam and Richard
both before and after the robbery as well as the following day.  Moreover, the jury heard and was afforded the
opportunity to assess Richard’s own testimony that, as a participant, she
provided key information to and acted upon instructions from Gilliam.  

We find
this evidence legally and factually sufficient to support the jury’s verdict. 

We
overrule Gilliam’s second and third issues.


Conclusion

We affirm
the judgment of the trial court.

 

 

                                                                   Jim
Sharp

                                                                   Justice


 

Panel consists of Justices Keyes, Sharp, and
Massengale.

Justice Massengale joins the opinion except for
footnote 2.

Do not publish. 
Tex. R. App. P. 47.2(b).

 

 











[1]
          Gilliam notes that records of
texting between Richard and Gilliam were not discussed by the prosecution and
extrapolates therefrom that the texts must have harmed the State’s case.  As Gilliam, too, had evidence of text messages
and elicited no testimony about the texts, such a conclusion is unwarranted and
remains irrelevant to our decision.





[2]
           But see, Ervin v. State, 331 S.W.3d 49, 57—58 (Tex. App.—Houston [1st Dist.] 2010, pet.
ref’d) (Jennings, J., concurring); and Romero
v. State, 331 S.W.3d 82, 85 (Tex. App.—Houston [14th Dist.] 2010, no pet.)
(Seymore, J., concurring) contending Brooks
contravenes the Texas Constitutional requirement that “[t]he decision of [Texas
Courts of Appeals] shall be conclusive on all questions of fact brought before
them on appeal or error.” Tex. Const. art. V § 6(a).