**Affirmed and Memorandum Opinion filed November 7, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-01143-CR

---

## IKECHUKWU CHRIS OBUDULU, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 23rd District Court
Brazoria County, Texas
Trial Court Cause No. 65035**

---

## M E M O R A N D U M    O P I N I O N

A jury convicted appellant of aggravated assault. The trial court sentenced him to two years in prison. The sentence was suspended and appellant was placed under community supervision for three years. Appellant filed a notice of appeal. We affirm.

In a single issue, appellant claims the evidence was legally insufficient to support the jury's verdict. Appellant was charged with and convicted of

aggravated assault by intentionally or knowingly threatening his wife, Rosemary Obudulu, with imminent bodily injury and using or exhibiting a deadly weapon, a hammer. Appellant asserts the State failed to establish the hammer was a deadly weapon or that he used or exhibited it in threatening his wife.

A "deadly weapon" can be "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." Tex. Penal Code Ann. § 1.07(a)(17)(B) (West Supp. 2011). We evaluate "capability" in light of the facts as they existed at the time of the offense. *Drichas v. State,* 175 S.W.3d 795, 799 (Tex. Crim. App. 2005). In determining whether an object is a deadly weapon, jurors may consider factors such as (a) the accused's words, (b) the object's intended use, (c) its size and shape, (d) testimony that the complainant feared death or serious bodily injury, (e) the severity of any wounds inflicted, (f) the manner in which the assailant allegedly used the object, (g) the physical proximity of the parties, and (h) any testimony as to the weapon's potential for causing death or serious bodily injury. *Romero v. State,* 331 S.W.3d 82, 83 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

Appellant argues there was no testimony regarding the weapon's potential for causing death or serious bodily injury. Appellant was angry and was less than six feet away from Rosemary. After initially talking to Rosemary, he returned with the hammer in his hand and then followed her downstairs with the hammer in his hand. The hammer was admitted into evidence. The testimony of Rosemary and Officer Guerrero established it was the hammer used by appellant. The hammer is a Stanley brick hammer about 18 inches long. Rosemary testified that she was afraid for her life, that she was very concerned about the hammer and "knew what a hammer was capable of." The jury viewed the hammer and based upon its size and shape could reasonably have determined it was capable of causing death or

serious bodily injury. The evidence is sufficient to support a finding that the hammer was a deadly weapon. *See Bethel v. State,* 842 S.W.2d 804, 807-08 (Tex.App.—Houston [1st Dist.] 1992, no pet.) (concluding that hammer was used as a deadly weapon)

As to whether appellant used or exhibited the hammer, evidence establishing the complainant's perception of a threat, coupled with proof that a threat was made, is sufficient to sustain a conviction for aggravated assault by threat. *Dobbins v. State*, 228 S.W.3d 761, 765 (Tex. App.—Houston [14th Dist.] 2007, pet. dism'd as untimely filed.) (citing *Olivas v. State,* 203 S.W.3d 341, 350 (Tex. Crim. App. 2006)). "The gist of the offense of assault . . . is that one acts with intent to cause a reasonable apprehension of imminent bodily injury...." *Garrett v. State,* 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). A threat may be communicated by action or conduct; it does not have to be verbalized. *McGowan v. State,* 664 S.W.2d 355, 357 (Tex. Crim. App. 1984).

Rosemary testified that on the day of the incident, appellant questioned her about her whereabouts the previous night. She had taken the children to a youth program at church and then to visit her cousin. She replied that she had already told him where she had been. Appellant then went downstairs and came back with a hammer. Appellant began questioning her again, asking for the names of the people in the house and their phone numbers. He was less than six feet away and his voice was loud. Rosemary went downstairs and appellant followed her, with the hammer, and continued questioning her. Appellant did not put the hammer down until she complied by writing down the names, addresses, and phone numbers of the people she was with the night before.

Rosemary contacted a shelter for victims of domestic violence and then the police. She intended to move out but did not want to return to the house without

the police.  Rosemary testified her fear was caused by the hammer and out of that fear, she gave appellant the  information he demanded.  Rosemary gave police a written statement that appellant had threatened to kill her and cut her body into too many pieces for an autopsy to be performed.   According to Rosemary, she took "the threat, the hammer" seriously.

Rosemary's testimony clearly demonstrates appellant's words and  conduct communicated a threat and that Rosemary perceived that threat.   Accordingly, there was sufficient evidence to support the jury's finding that appellant threatened Rosemary with imminent bodily injury by exhibiting a deadly weapon.  *See Dobbins*, 228 S.W.3d at 765.

For these reasons, appellant's issue is overruled.  The judgment of the trial court is affirmed.

/s/     Tracy Christopher
Justice

Panel consists of Chief Justice Frost and Justices Christopher and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).

4