**Opinion issued October 24, 2019**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-18-01041-CR**

———————————

**KELVIN BERNARD ALEXANDER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Case No. 1536145**

---

**MEMORANDUM OPINION**

A jury convicted appellant, Kelvin Bernard Alexander, of the offense of

aggravated assault of a family member.[1]  Appellant pleaded true to two prior felony

---

[1]     *See* TEX. PENAL CODE § 22.02(a)(2); *see also* TEX. FAM. CODE § 71.004.

enhancements, alleging aggravated sexual assault of a child and burglary of a habitation. The trial court found the enhancements true and assessed appellant's punishment at confinement for 25 years. The trial court also entered affirmative findings that appellant committed an act of family violence and that he used or exhibited a deadly weapon, namely, a knife, in the commission of the offense. In his sole issue, appellant contends that the evidence is legally insufficient to support his conviction.

We affirm.

## Background

In 2017, appellant was living with the complainant, Alice Foster. On the night of January 3, 2017, the complainant went out with friends to celebrate her birthday. When she returned home, she and appellant got into an argument. Afterwards, appellant told the complainant to come to bed. The complainant testified that, when she refused, appellant "launch[ed]" at her, "pushed [her] down on the bed," and "started choking [her]." When the complainant tried to get up, appellant "reached back behind him and grabbed a kitchen knife off the dresser" and "came at [her]." Appellant got on top of the complainant and put the knife to her throat, piercing her skin and drawing blood. She described the knife as a kitchen knife with an eight-inch blade. The complainant testified that the knife hurt, that she remembered hearing appellant say the words "kill you," and that she felt threatened and scared.

2

As soon as she freed herself, she grabbed her purse and ran to her car without her shoes or her cellular telephone. She drove to a nearby motel, Classic Inn, where she rented a room and called 911.

Houston Police Department ("HPD") Officers L. Rogers and A. Lockett were dispatched to the Classic Inn to investigate the assault. There, they met with the complainant. Rogers testified that he noted a blood stain on a pillow in the room. The complainant showed Rogers and Lockett a cut and blood on her neck. Lockett testified that the complainant had a cut parallel to her jawline. The trial court admitted into evidence photographs of the wound on the complainant's throat. Rogers testified that, based on his training and experience, the wound was consistent with having been caused by a blade or a knife and that, when a person holds a knife to another's throat, the knife is being used as a deadly weapon. Lockett testified that the complainant identified appellant as the person who assaulted her. He noted that she seemed very scared, that she did not have any shoes with her, and that she had driven to the motel to get away from appellant. Rogers and Lockett followed the complainant back to her house to talk with appellant.

At the house, Rogers and Lockett detained appellant in the back seat of their patrol car. Rogers noted that appellant was not under arrest at the time. The trial court admitted into evidence at trial an excerpt of a videotape from Rogers's body

3

camera. In the video, appellant described his argument with the complainant and admitted:

> I just lost my cool. . . . She said something and I grabbed her . . . right across the throat. . . . I grabbed and pulled her to the bed . . . and was laying across the top of her . . . . I had a knife. I pulled the knife out and said: You know what? Right about now, I should kill you and me.

**Sufficiency of the Evidence**

In his sole issue, appellant argues that the evidence is legally insufficient to support his conviction for aggravated assault of a family member because the evidence does not show that he "intentionally or knowingly threatened the complainant with imminent bodily injury by using a deadly weapon." Appellant asserts that the "only evidence" of a threat came from the complainant's own testimony, the knife was not recovered, and blood was not found at the scene.

### *Standard of Review and Applicable Legal Principles*

We review the legal sufficiency of the evidence by considering all of the evidence in the light most favorable to the jury's verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We give deference to the responsibility of the fact finder to fairly resolve conflicts in testimony, weigh evidence, and draw reasonable inferences from the facts. *Williams*, 235 S.W.3d at 750. The jury, as the judge of the facts and credibility of the witnesses, may choose

4

to believe or not to believe any witness or any portion of their testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

A person commits an assault if he "intentionally or knowingly threatens another with imminent bodily injury." TEX. PENAL CODE § 22.01(a)(2). A person acts intentionally with respect to the nature of his conduct when it is his conscious objective or desire to engage in the conduct. *Id.* § 6.03(a). A person acts knowingly with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. *Id.* § 6.03(b). Proof of a mental state almost always depends upon circumstantial evidence. *Smith v. State*, 56 S.W.3d 739, 745 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). A fact finder may infer intent or knowledge from any facts that tend to prove its existence, including the acts, words, conduct of the accused, and the method of committing the offense. *Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002). To support a conviction for assault by threat, "there must be *some* evidence of a threat being made." *Olivas v. State*, 203 S.W.3d 341, 349 (Tex. Crim. App. 2006). For example, "[a]n actor might threaten to stab by holding a knife overhead and telling the victim, 'I'll kill you,' or by his conduct of waving the knife in the air or making some other threatening gesture." *Id*. at 349 n.40. The threat must be "imminent," or present, and not future. *Devine v. State*, 786 S.W.2d 268, 270 (Tex. Crim. App. 1989).

The offense of assault is enhanced to aggravated assault if, inter alia, the person uses or exhibits a deadly weapon during the commission of the assault. TEX. PENAL CODE § 22.02(a)(2). A "deadly weapon" includes "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *Id.* § 1.07(a)(17)(B). The factfinder may consider such factors as (a) the intended use of the object, (b) its size and shape, (c) the physical proximity of the parties, (d) the manner in which the assailant allegedly used the object, (e) the severity of any wounds inflicted, (f) the accused's words, (g) any testimony that the complainant feared death or serious bodily injury, and (h) any testimony as to the weapon's potential for causing death or serious bodily injury. *Romero v. State*, 331 S.W.3d 82, 83 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

"Family violence" includes "an act by a member of a family or household against another member of the family or household . . . that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, [or] assault." TEX. FAM. CODE § 71.004; *see also* TEX. CODE CRIM. PROC. art. 42.013.

*Analysis*

Here, the record shows that appellant, during the heat of an argument, launched at the complainant, pushed her down on a bed, held a knife to her throat in a manner that cut her and drew blood, and said, "Right about now, I should kill you." The record further shows that the complainant, once freed, fled the house without

6

her shoes, drove to a motel, and called the police. The complainant testified that the knife hurt and that she felt threatened and scared. From this evidence, the jury could have reasonably concluded that appellant threatened the complainant with imminent bodily injury using a knife and that he acted with intent. *See* TEX. PENAL CODE §§ 6.03(a), 22.01(a)(2); *Olivas*, 203 S.W.3d at 345, 349 (holding evidence legally sufficient to support conviction for assault by threat); *Garcia v. State*, 17 S.W.3d 1, 5 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd) (holding evidence that defendant called complainant outside, threw her to ground, put razor-edged box cutter to her throat, and threatened to stab her was sufficient to support conviction for aggravated assault); *Rogers v. State*, 877 S.W.2d 498, 499–500 (Tex. App.—Fort Worth 1994, pet. ref'd) (holding evidence legally sufficient to support conviction for aggravated assault with pocketknife); *see also Hart*, 89 S.W.3d at 64 (holding fact finder may infer intent from any facts that tend to prove its existence, including the acts, words, conduct of accused, and method of committing offense); *see, e.g.*, *Deleon v. State*, No. 01-18-00525-CR, 2019 WL 1119210, at *4 (Tex. App.—Houston [1st Dist.] Mar. 12, 2019, no pet.) (mem. op., not designated for publication) (holding evidence legally sufficient to support conviction for aggravated assault with knife).

Further, the evidence supports that appellant used the knife as a deadly weapon. *See* TEX. PENAL CODE ANN. §§ 1.07(a)(17)(B), 22.02(a)(2); *McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000). Officer Rogers testified that a

knife held to the throat could cause death or serious bodily injury.  The complainant and appellant each testified about appellant's close proximity to the complainant (he was on top of her); the length of the knife blade (8 inches); the manner in which appellant used the knife (against her throat), the wound on the complainant's throat, appellant's threat to kill her "[r]ight about now," and the complainant's fear.  *See Romero*, 331 S.W.3d at 83; *Garcia*, 17 S.W.3d at 4 (holding that evidence established knife as deadly weapon); *Rogers*, 877 S.W.2d at 499–500 (same); *see, e.g.*, *Montalvo v. State*, No. 01-98-00314-CR, 1999 WL 51789, at *1 (Tex. App.—Houston [1st Dist.] Jan. 21, 1999, no pet.) (holding evidence that knife was ten inches long, sharp, capable of causing serious bodily injury or death, caused complainant pain, and "made him bleed" sufficient to establish knife as deadly weapon).

The complainant testified that she and appellant were living together at the time of the offense.  *See* TEX. FAM. CODE § 71.004 (defining "family violence" to include "an act by a member of a family or household against another member of the family or household . . . that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, [or] assault.").

Appellant argues that the evidence is insufficient to establish that he threatened the complainant because the only such evidence came from her own testimony.  He complains that the knife was not found and that there was no evidence

of blood at the scene or on the complainant's clothing. The jury is the sole judge of the facts, the credibility of the witnesses, and the weight to be given the complainant's testimony. *See Williams*, 235 S.W.3d at 750. The State was not required to introduce the knife into evidence at trial. *Banargent v. State*, 228 S.W.3d 393, 399 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd).

Viewing the evidence in the light most favorable to the verdict, we conclude that the jury could have reasonably concluded that appellant intentionally threatened the complainant with imminent bodily injury using a deadly weapon. *See* TEX. PENAL CODE § 22.02(a)(2). Accordingly, we hold that the evidence is legally sufficient to support appellant's conviction for aggravated assault of a family member. *See id.*; *see also* TEX. FAM. CODE § 71.004.

We overrule appellant's sole issue.

## Conclusion

We affirm the trial court's judgment.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Keyes and Goodman.

Do not publish. TEX. R. APP. P. 47.2(b).

9