**Affirmed and Plurality Opinion and Two Concurring Opinions filed January 30, 2020.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00568-CR

## EX PARTE DAVID WILLIAMS, Appellant

**On Appeal from the 412th District Court
Brazoria County, Texas
Trial Court Cause No. 89988-WR**

## PLURALITY OPINION

Appellant David Williams is currently an inmate in the Texas prison system serving time for a felony offense. He filed an application for writ of habeas corpus, also known as a "medical writ," seeking to be released on bail because he suffers from congestive heart failure and wishes to seek a heart transplant outside the Texas prison system. Appellant receives treatment for his heart condition at the University of Texas Medical Branch at Galveston (UTMB Galveston), where he was being evaluated for a heart transplant. Appellant wishes to seek a bloodless heart transplant on religious grounds.[1] UTMB Galveston does not offer this

---

[1] As a Jehovah's Witness, appellant is forbidden from receiving blood transfusions.

procedure.[2]

After a hearing, the habeas court denied the application. On appeal, appellant contends that the court erred in concluding it lacks authority to release appellant. Concluding that the trial court lacked jurisdiction over this appeal under controlling Court of Criminal Appeals' precedent and thus correctly denied the application for writ, we affirm.

Appellant sought habeas relief under article 11.25 of the Code of Criminal procedure, which provides:

> When a judge or court authorized to grant writs of habeas corpus shall be satisfied, upon investigation, that a person in legal custody is afflicted with a disease which will render a removal necessary for the preservation of life, an order may be made for the removal of the prisoner to some other place where his health will not be likely to suffer; or he may be admitted to bail when it appears that any species of confinement will endanger his life.

Tex. Code Crim. Proc. § 11.25.[3]

The Court of Criminal Appeals held in 1981 that the phrase "legal custody" in article 11.25 "does not contemplate a release after conviction of a felony." *Ex parte Baltimore*, 616 S.W.2d 205, 207 (Tex. Crim. App. 1981) (citing *Ex parte Smith*, 64 S.W. 1052 (Tex. Cr. App. 1901) and the predecessor statute to article

---

[2] The State contends that appellant has not shown that he can receive a bloodless heart transplant elsewhere without consenting to an emergency backup transfusion if needed. Appellant testified that three hospitals in the United States offer this procedure but conceded at the hearing that whether these hospitals "requir[e] blood if needed" was "outside the scope of [his] knowledge." The State also argues that appellant is not eligible for a heart transplant because he is noncompliant in taking his prescribed medications. Appellant disputes this latter allegation and presented evidence to the contrary. Thus, the habeas court heard conflicting evidence on this issue.

[3] Appellant does not seek removal to another place in the Texas prison system because he contends that he cannot get a bloodless heart transplant unless he goes to one of only three hospitals in the United States that offer the procedure.

11.25 and holding "[w]e adhere to the *Smith* opinion as to the interpretation of the phrase 'legal custody' as it now appears in Article 11.25")). The Court further held that a trial court lacks jurisdiction to release a felon under article 11.25 and thus the habeas court correctly denied the appellant's medical writ. *Id*. The Court affirmed the habeas court's judgment. *Id*. at 208.

Appellant contends that *Baltimore* was wrongly decided. We agree: the plain language of the statute does not contemplate an exception for felony offenders. But the language in article 11.25 is the same as when *Baltimore* was decided, and the Court of Criminal Appeals has never revisited the *Baltimore* decision. "[U]nder the doctrine of stare decisis[,] once 'the highest court of the State *having jurisdiction*' of a matter decides a 'principle, rule or proposition of law,' that court and all 'other courts of *lower rank*' must accept the decision as 'binding precedent.'" *Romero v. State*, 331 S.W.3d 82, 86 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (Seymore, J., concurring) (quoting *Swilley v. McCain*, 374 S.W.2d 871, 875 (Tex. 1964) (emphasis added)). The Court of Criminal Appeals has final appellate jurisdiction over questions of law in criminal cases. Tex. Const. art. V, § 5; *Romero*, 331 S.W.3d at 86. In accordance with the binding precedent of the high court, we must affirm the trial court's order denying the writ.

/s/  Frances Bourliot
      Justice

Panel consists of Chief Justice Frost and Justices Bourliot and Poissant. (Frost, C.J., concurring, and Poissant, J., concurring).

Publish — TEX. R. APP. P. 47.2(b).